TAMARA FRASER (PRO HAC VICE)
tefraser@wwrplaw.com
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, PC.
380 N. Old Woodward Ave.
Suite 300
Birmingham, MI 48009
Telephone: +1.248.642.0333
Facsimile: +1.248.642.0856

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DEANNA WILLIAMS, | Case No. 2:18-CV-02983-TLN-EFB |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| EXPERIAN INFORMATION SOLUTIONS, INC., | Complaint filed: November 15, 2018 |
| Defendant. | |

IT IS HEREBY STIPULATED by and between Plaintiff Deanna Williams and Defendant Experian Information Solutions, Inc. ("Experian") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendant, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all

documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

    2.    Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

    3.    ~~To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Civil Local Rule 141.~~ Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. However, the designation of material as confidential, without more, is insufficient to obtain a sealing order. Any party that seeks to file Protected Material under seal must comply with Local Rule 141, which governs motions for a sealing order. A sealing order will issue only upon a request establishing that the Confidential Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. Further, the briefing on the motion for a sealing order shall address U.S. Supreme Court and Ninth Circuit standards for whether the material may be filed under seal. Regardless of which party files the motion for a sealing order, the party that designated the material as confidential shall file a brief addressing those standards, and shall have the burden of

establishing that the Confidential Material should be filed but not made publicly available. If a motion to file Confidential Material under seal pursuant to Local Rule 141 is denied by the court, the moving party may file the material in the public record, unless instructed differently by the court.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available

to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be destroyed by the party and/or counsel in receipt of the confidential materials, or returned to the Producing Party. Whether the materials designated "Confidential" are returned or destroyed, the party and/or counsel in receipt of the materials must submit a written certification of compliance to the Producing Party by the 60-day deadline if requested. Notwithstanding the foregoing, any documents that counsel for the party in receipt of the confidential materials believes in good faith to constitute

attorney work product need not be destroyed or returned to the Producing Party; provided, however, that (a) the party and its counsel continue to maintain the confidentiality of such documents consistent with the terms of this Stipulated Protective Order, <u>and</u> (b) no party or counsel, other than Experian or its counsel, may assert that Experian's confidential documents (*e.g.*, Administrative Reports, Dispute Response Logs, D/R Logs, Disclosure Logs, Transaction Logs) are attorney work product.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 251. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from the Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: July 18, 2019                WILLIAMS, WILLIAMS, RATTNER
                                    & PLUNKETT, P.C.


                                    By: */s/ Tamara Fraser*
                                        Tamara Fraser

                                    Attorneys for Defendant
                                    EXPERIAN INFORMATION
                                    SOLUTIONS, INC.


Dated: July 18, 2019                By: */s/ Trinette Kent*
                                        Trinette Kent

                                    Attorney for Plaintiff


IT IS SO ORDERED.

Dated:  July 22, 2019               _____
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4  I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 20___ at _____.

_____
QUALIFIED PERSON